**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| SHARLYN BERTRAND | : | CIVIL ACTION 2:09-cv-76 |
| VERSUS | : | JUDGE TRIMBLE |
| GREG FISCHER, ET AL. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Presently before the court is a Motion to Remand filed by Sharlyn Bertrand.  Doc. 7.  For the reasons stated herein, plaintiff's motion is DENIED.

I.
Background

Plaintiff Sharlyn Bertrand, a resident of Louisiana, filed a petition for damages [doc. 1-3] in the Fourteenth Judicial District Court on December 1, 2008.  Plaintiff alleges that while she was shopping at Target on or about April 20, 2008 she stepped in a clear liquid substance causing her to fall and suffer multiple injuries.  Plaintiff names as defendants Target Corporation of Minnesota (Target), Greg Fischer, manager of the Target where the incident occurred, and Ace Insurance Company (Ace), liability insurer for Target.  Defendant Fischer was served with the original complaint on December 15, 2008, and defendants Target and Ace were served December 18, 2008.

On January 16, 2009, defendants removed the action to this court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 and in accordance with 28 U.S.C. § 1446.  Defendants allege that: 1) it is facially apparent the suit is worth greater than $75,000; 2) defendants Target and Ace are diverse from plaintiff; 3) defendant Greg

1

Fischer, a resident of Louisiana, was improperly joined to the action; 4) less than 30 days elapsed between when defendants Target and Ace became aware of an improper joinder and the date of removal; and 5) although more than thirty days passed between the service of defendant Fischer with the state court petition and Removal, because Fischer is improperly joined removal is still timely.

Plaintiff filed a Motion to Remand on February 9, 2009.  Doc. 7.  Plaintiff maintains that the thirty day period for removal began on the date defendant Fischer was served and therefore was untimely.  In their opposition to remand, defendants reiterate and expand on the argument made in their Notice of Removal that the thirty day period began to run with service upon Target and Ace, that service on defendant Fischer was irrelevant as joinder was improper.  Doc. 9.   Defendants further their argument as well that Fisher was improperly joined, there being no reasonable basis for recovery against him personally under Louisiana law, so that his citizenship should be disregarded.

On February 26, 2009, plaintiff filed a Motion for Discovery.  In her motion, plaintiff sought time to conduct discovery on the issue of whether Fischer was improperly joined.  The court granted the motion on March 6, 2009, after a telephone status conference with the parties.  Doc. 21.  Plaintiff then filed a Motion to Amend her Petition seeking to add as defendants two additional non-diverse employees of Target, Caleb Hebert and Solomon Jordan.  Doc. 27.  Plaintiff's supplemental memorandum in support of remand, filed the same day, addresses improper joinder issues.  Doc. 28.  Defendants filed their opposition to the Motion to Amend on May 15, 2009, and on the same day also filed their supplemental memorandum in opposition to remand.  Doc. 30; Doc. 31.

The court heard oral argument on plaintiff's Motion to Remand and Motion to Amend on June 4, 2009.  Following argument, the matter was taken under advisement. Additionally, the parties were allowed to file post-hearing briefs addressing the issue of whether defendants timely removed.  Plaintiff filed a supplemental memorandum on this issue on June 12, 2009.  Doc. 43.

## II.
## Timeliness of Removal

The threshold issue before the court is whether defendants timely filed their Notice of Removal.  According to 28 U.S.C. § 1446(b), if the case stated by the initial pleading is removable, a defendant desiring to remove the case to federal court must do so within thirty days of service of the petition.   It is undisputed that defendants filed their Notice of Removal within thirty days of service of plaintiff's Complaint on Target and Ace.  It is also undisputed that defendants filed their Notice of Removal thirty-two days after service on Greg Fischer.

Plaintiff principally relies on an analogous case, *Caillouet Land Corp. v. Chevron Pipeline Co.*, 2007 WL 1991531 (E.D. La. 2007).  In *Caillouet Land Corp.*, defendants removed thirty-two days after service of the first-served defendant.[1]  2007 WL 1991531.

---

[1] The "first-served defendant" rule provides generally that "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal."  1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5-5], 586-87 (2d ed. 1985). *See also* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3732 at 531-32.  .In *Brown v. Demco*, 792 F.2d 478 (5th Cir. 1986), the appeal court determined the first-served defendant rule applies in diversity cases in the Fifth Circuit.  The facts of that case demonstrate the rule's application:  Plaintiff filed a case that was removable when filed on the basis of diversity.  However, none of the original defendants attempted to remove.  Several years later, plaintiffs amended their petition to add a new defendant.  The new defendant attempted to remove.  The Fifth Circuit held that the new defendant was precluded from removing the case based on the "first-served defendant rule":  "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity

Plaintiff contended that removal was untimely.  Defendant Chevron argued that the thirty

day limit should not apply to the first-served defendant because that defendant was

improperly joined.  Although the court found the defendant to have been improperly

joined, the court concluded that the first-served defendant rule applies even to improperly

joined defendants.  The court therefore granted plaintiff's Motion to Remand.

The holding of *Caillouet* notwithstanding, this court has twice held that the

running of the thirty-day removal period does not begin when the first served defendant is

improperly joined.  *See*, *Dunaway v. Cowboys of Lake Charles, Inc.*, 2007 WL 4919777

(W.D. La. Nov. 28, 2007); *Chambers Medical Foundation v. Chambers*, 2006 WL

1895479 (W.D. La. Jan. 23, 2006).  In *Dunaway*, supra, Magistrate Judge Wilson aptly

noted:

> A fraudulently/improperly joined defendant is excepted
> from the rule of unanimity. *Rico v. Flores,* 481 F.3d 234,
> 239 (5th Cir. 2007) ("removing party need not obtain the
> consent of a co-defendant that the removing party contends
> is improperly joined."); *Jernigan v. Ashland Oil Inc.,* 989
> F.2d 812, 815 (5th Cir. 1993) (Application of rule of
> unanimity to improperly or fraudulently joined parties
> "would be nonsensical."). *See also In re Pharmaceutical
> Industry Avg. Wholesale Price Litig.,* 431 F.Supp.2d 109,
> 118 (D. Mass. 2006) ("As many courts have held, the
> rationale for the doctrine of fraudulent joinder applies with
> equal force in the context of removal based on federal
> question jurisdiction.").  Such a defendant is not required to
> join in or consent to removal.  Since the "first served
> defendant rule" is based on the rule of unanimity it
> logically follows that it does not apply in the case of a first
> served defendant who was fraudulently/improperly joined.
> *United Computer Systems, Inc. v. AT & T Corp.,* 298 F.3d

---

among defendants which is required for removal."  *Brown*, 792 F.2d at 481 (internal quotation and citation
omitted).  The court held that in the absence of waiver by plaintiff the rule should be strictly followed.

> 756, 762 (9th Cir. 2002). *Contra Caillouet Land Corp., v.*
> *Chevron Pipe Line Co.,* 2007 WL 1991531 (E.D. La.
> 2007). Thus, if Defendant can bear its burden of
> establishing that Cowboys of Lake Charles, Inc. was
> fraudulently/improperly joined then Cowboys Nightlife,
> Inc. had thirty days from the date it was served to file a
> notice of removal, and its notice was timely.

*Dunaway,* 2007 WL 4919777, *1.  The undersigned finds the logic of Magistrate Judge

Wilson to be compelling and similarly holds that the thirty day period for filing a Notice

of Removal applies only to properly joined defendants and not to those improperly

joined.

At the hearing on this matter and in a supplemental brief, plaintiff argued that the

*Dunaway* and other cases are distinguishable.  Plaintiff maintains that the first-served

defendant rule applies when all defendants join in or consent to removal.  Doc. 43, at 1.

Plaintiff does not cite any case that makes the distinction she would have the court apply

and the court finds no logical basis for making such a distinction.

In *Jernigan*, the court noted it would be "nonsensical" to *require* an improperly

joined defendant to consent to removal.  989 F.2d at 815.  Thus, whether the improperly

joined defendant joined in the removal or not, they are not required to do so.  Because an

improperly joined defendant is exempted from the rule of unanimity, they are also

exempted from the first-served defendant rule.  It is of no moment that the improperly

joined defendant joins in the removal.

Thus, if defendants can bear their burden of establishing that Greg Fischer was

improperly joined then Target and Ace had thirty days from the date they were served to

file a notice of removal, and their notice was timely.  *See Dunaway,* 2007 WL 4919777,

*1

III.

Improper Joinder and  Motion for Leave to Amend Complaint

As previously noted, defendants based removal on the argument that Fischer, manager of Target and the only defendant resident of Louisiana, is improperly joined. Plaintiff argues in her Motion to Remand that she has stated a claim against defendant Fischer and thus that he is not improperly joined.   Additionally, plaintiff has filed a Motion for Leave to File a Supplemental and Amending Petition.   By the amending petition, plaintiff seeks to add two new non-diverse defendant employees of Target. Plaintiff argues that, although addition of these two defendants will defeat diversity, this court should allow the amendment under the factors considered in *Hensgens v. Deere and Co.*, 833 F.2d 1179 (5th Cir. 1987).

Defendant maintains that plaintiff cannot state a claim against defendant Fischer under Louisiana law.   Defendants oppose plaintiff's Motion to Amend on the grounds that the motion is futile because plaintiff cannot state a claim against these defendants and merely seeks to destroy diversity.

A.  Standard of Review

1. *Motion to Amend Complaint*

According to Fed. R. Civ. Proc. 15, in cases in which a defendant has answered a plaintiff's complaint, a plaintiff may amend her complaint only with the written consent of the opposing party or by leave of court.   However, the court should freely grant a party leave to amend when justice so requires.   Fed. R. Civ. P. 15(a)(2).   Leave is at the

6

discretion of the court.  "District courts . . . have discretion to manage their docket. Accordingly, although a district court's discretion to deny leave to amend is limited, leave to amend is *not* automatic."  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (internal citations omitted).

When a plaintiff seeks to add a nondiverse, nonindispensable party, the court must scrutinize the amendment more closely than an ordinary amendment and "use its discretion in deciding whether to allow the party to be added."  *Hensgens*, 833 F.2d at 1182.  The court must balance a number of factors to determine whether to give more weight to defendant's interest in maintaining the federal forum or the competing interest of having all related matters determined in a single suit.  These factors include:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.*

Defendants contend that plaintiff's Motion to Amend is made in bad faith, that plaintiff's sole purpose in seeking to amend is to destroy this court's jurisdiction, and that the amendment is futile.  Factors considered by the court when determining whether to allow an amendment include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party, and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998).

According to the Fifth Circuit, an amended complaint is futile if it fails to state a claim on which relief may be granted.  *Stripling v. Jordan Production Co., LLC.*, 234 F.3d 863, 873 (5th Cir. 2000).   The Fifth Circuit has determined that futility is determined by applying the standard of legal sufficiency applicable under Fed. R. Civ. P. 12(b)(6).  Thus, "[t]he question . . . is whether in the light most favorable to the plaintiff and with every doubt resolved in [her] behalf, the complaint states any valid claim for relief.  The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (internal citations and quotations omitted).

### 2.  *Improper Joinder*

On removal of an action to federal court, it is the removing party's burden to prove that the court has jurisdiction to hear a claim.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the nondiverse party in state court."  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).

When considering whether a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, courts should "pierce the pleadings" and consider "summary

judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

Because there is no alleged fraud in this case, this court must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state, non-diverse defendant Guillory, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state, non-diverse defendant. *Smallwood*, 385 F.3d at 573.

### 3. *Summary*

To determine both futility of the amending complaint and improper joinder of defendant Fischer the court must apply a 12(b)(6) like standard to determine whether plaintiff may prevail on her claims against Fischer or against the defendants that plaintiff seeks to add. As stated by Judge Drell in a similar case, *Carter v. Wal-Mart*, 2005 WL 1831092, *1 (W.D. La. 2005): "[w]hether this Court retains its diversity jurisdiction over this matter turns on the one individual defendant and two potential defendants, and their liability under Louisiana law for their alleged failures to prevent plaintiffs' injuries."

### B. Analysis

Under Louisiana law as stated by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)[2] a store manager or other employee cannot be held liable for an invitee's injury unless four distinct criteria are met:  1) the employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought; 2) the employer delegated the duty to the defendant; 3) the employee breached the delegated duty through personal (as contrasted with technical or vicarious) fault; and 4) personal liability cannot be imposed upon the employee simply because of a general administrative responsibility for performance of some function of the employment.  That is to say, the employee "must have a personal duty toward the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm."  *Canter*, 283 So.2d at 721.

1. *Greg Fischer*

Plaintiff alleges that Greg Fischer is liable to her for failing to properly supervise and train employees and for failure to implement a procedure for inspection and cleaning of store floors.

---

[2] *superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.,* 740 So.2d 1262, 1265 (La.1999).  The four part test cited above was recently quoted in *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385-86 (5th Cir. 2009).

Plaintiff notes that Target's handbook and the deposition of Fischer show that Target has no policy for the inspection of floors for foreign substances by a schedule. Plaintiff argues that Fischer, as store manager, had the authority to implement a rule requiring that Target's floors be regularly inspected according to a schedule.  Plaintiff also asserts that Fischer failed to properly train employees because when asked whose job floor inspection is, Fisher answered that it was the responsibility of every employee to clean any spill they saw, that all employees are responsible for spill clean-ups.  Plaintiff argues that such a policy effectively renders no one responsibility for inspection for spills and that Fisher, as manager, had authority to implement a policy for inspection for spills. Further plaintiff argues that Target's failure to implement a policy for inspection could imply to a jury that Target is negligent in its overall operations in preventing slips and falls.

Plaintiff cites *Walker v. Schwegmann Giant Supermarkets*, 671 So.2d 983 (La. App. 4 Cir. 1996) as an analogous case.  In *Walker*, the court considered whether a Motion to Amend Complaint through which plaintiff sought to add claims against a store manager could withstand a peremptory exception of no cause of action.     The court applied a 12(b)(6)-like standard to determine whether "the law affords any remedy to plaintiff under the allegations of the petition."  Citing the *Canter* factors, the court set about determining whether defendant stated a cause of action against the manager.

Plaintiff and defendant disputed only whether the last two *Canter* factors were met.   The court found that plaintiff met the third *Canter* factor, that the defendant employee failed to discharge a duty imposed on him by his employer with the degree of

care required by ordinary prudence.  Specifically, the court found that plaintiff's allegation that the manager failed to take appropriate measures to insure the floor was kept safe and free of hazards stated a cause of action.

The court then considered the fourth *Canter* factor, whether plaintiff breached a personal duty.  Noting the judicial policy in favor of allowing petitions and accepting allegations as true for purposes of determining a motion to amend, the court found that plaintiff's allegations, if proven, could lead to personal liability on the part of the manager. Plaintiff specifically alleged that the manager failed to warn customers that other customers may eat in the store and failed to use ordinary care to insure that aisles were clear.   Accordingly, the court found the petition stated a claim against the manager.

Defendants distinguish the *Walker* case on the basis that the instant case is in a different procedural posture than *Walker*.  Specifically, defendants observe that summary judgment-type evidence may be considered to determine whether Fischer was improperly joined whereas in *Walker* all allegations were taken to be true at face value.  Defendants also distinguish *Walker* because in that case the defendants conceded the first two *Canter* factors—that the store had a duty and that the store delegated the duty.

Defendants note that Fischer was not delegated a duty to inspect floors and cite plaintiff's brief in which she concedes that "no employee of Target at any time has the designated job of seeing that the floors are inspected - no Target employee has the task of walking the Target floors on any sort of schedule for purposes of inspection."  Doc. 28-1, at 9 (citing Doc. 28-5, at 42 (Fischer Deposition)).

12

The court finds this case analogous to *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. 2005).   In *Carter*, an improper joinder case, plaintiff made no allegation that the manager "actively caused any harm."   Instead, as in this case, plaintiff's allegations were of failure and neglect to properly supervise and train store employees or to institute procedures for maintaining the safe condition of a rack that allegedly fell on plaintiff.  The court determined that no evidence supported a finding that Wal-Mart delegated its duty to maintain its premises in a safe condition.   The court further found that plaintiff's generic allegations that the manager was responsible for training other store employees and for implementing procedures for others to follow entailed no personal duty of the manager to plaintiff to ensure safety.

Here, it is undisputed that Fischer did not cause the spill or have personal knowledge of the spill.  Doc. 9-3, Fischer Affidavit, ¶ 5; Doc. 28-5, Fischer Deposition at 15-16.  It is also undisputed that the source of the spill remains unknown.  Doc. 28-5, Fischer Deposition at 22.   Moreover, there is no evidence Target delegated to Fischer a duty to inspect aisles or to create a schedule for that purpose.  Thus, as in *Carter*, plaintiff has failed to draw any link between the accident and Fischer.  Instead, plaintiff attempts to place liability due to Fischer's general administrative responsibilities.   Plaintiff's claims against Fischer do not meet *Canter's* requirements, and the court concludes Fischer is improperly joined.

2.  *Caleb Hebert*

By way of a Motion to Amend Complaint, plaintiff seeks to add to her petition claims against Caleb Hebert, an employee of Target at the time of the slip and fall.  Doc.

13

27-4.  Plaintiff alleges that defendant Hebert was negligent by failing to inspect the floor or to notice and clean up the spill.  Plaintiff also alleges that Hebert failed to follow Target's policies and procedures for accident investigation and intentionally failed to preserve evidence.  *Id.*

Defendants have established and plaintiff concedes that Hebert was a regular employee who happened to be in the area at the time of the incident.  Doc. 28-9, at 42-43 (Hebert Deposition); Doc. 28-10 (Guest Incident Report).  Plaintiff does not argue that Hebert caused, knew of, or went through the aisle in which the spill and incident occurred.  In deposition Hebert averred that he did not go through the aisle where the spill and slip occurred prior to the accident.  Doc. 28-9, at 42-43 (Hebert Deposition).

Defendants argue that the claims sought to be added against Hebert are simply generic claims regarding Hebert's alleged failure to perform some function of employment and so do not show a breach of a personal duty owed to plaintiff under *Canter*.

Again *Carter* is analogous.  In addition to alleging a claim against the manager of Wal-Mart, the *Carter* plaintiff also sought to add by amendment a Wal-Mart employee who plaintiff claimed was aware that a metal display rack was falling upon them.  2005 WL 1831092, *3.  The court noted that the employee had no duty of care due only to the employee-invitee relationship. The court further noted that Wal-Mart has a duty of care to provide a safe place to shop but absent the delegation of that duty according to the *Canter* requirements, the duty did not extend to the individual employee.  The *Carter* court found that Wal-Mart had delegated no such duty to the employee.

14

In view of the claims sought to be made against Hebert, it is clear that plaintiff could not recover against him.  Plaintiff alleges that Hebert could be liable to her for failing to inspect the floor or to notice and clean up the spill.  However, the only duty Target delegated to Hebert was the duty to be situationally aware and clean up noticed spills.  Doc. 28-9, at 14 (Hebert Deposition); Doc. 29-11, at 25 (Target Training Manual).  Plaintiff does not allege Hebert passed through the aisle where the accident occurred.

Plaintiff also alleges that Hebert failed to follow Target's policies and procedures for accident investigation and intentionally failed to preserve evidence.  Plaintiff's claim fails under *Canter* considerations one (employer owes duty to invitee) and two (employer delegated duty to employee) because Hebert owed no duty to plaintiff to follow Target's policies and procedures with regard to accident investigation or preservation of evidence.  To the extent Hebert may have had a duty to investigate and preserve evidence, that duty would have no bearing at all on the injuries claimed by plaintiff as that duty would have arisen only after the accident occurred.

Plaintiff has not specifically alleged Hebert's liability may be based upon spoliation of evidence; however, even if plaintiff were to attempt suggest such a claim, that claim also would fail as plaintiff's complaint is that Hebert failed to photograph, not that he actually destroyed evidence to avoid liability.  Under Louisiana law, intentional destruction is required for the tort of spoliation.  *Jackson v. Home Depot,* 906 So.2d 721, 727-28 (La. App. 1 Cir. 2005) ("[I]f an accident report never existed, it could not be intentionally destroyed by Home Depot, and therefore could not serve as the basis for a valid spoliation of evidence claim.").

Plaintiff has failed to state a claim against Hebert on which this court could grant relief.  For this reason, plaintiff's claims are futile and she will not be allowed to amend her complaint.

### 3.  *Solomon Jordan*

Plaintiff also seeks to amend her complaint to add allegations against Solomon Jordon, an employee of Target in human resources, who was responsible for composing the incident report related to plaintiff's incident.  Doc. 28-8, at 12, 17-18 (Bertrand Deposition).  Plaintiff seeks to amend her Complaint to allege that defendant Jordan was negligent in failing to follow Target's policies and procedures and failing to preserve evidence.  As with Hebert, plaintiff's claims in this regard against Jordan must fail under the first and second  considerations of *Canter* because Jordan owed no duty to plaintiff to follow Target's policies and procedures with regard to accident investigation or preservation of evidence.  Also as discussed above, plaintiff's claim for spoliation of evidence fails because it is not alleged that any evidence was intentionally destroyed.

Accordingly, plaintiff has failed to state a claim against Jordan on which this court could grant relief and her claims against Jordan are futile.  She will not be allowed to amend her complaint to add the proposed claims.

### IV.  Conclusion

Based on the foregoing, plaintiff has failed to state a claim against named defendant Greg Fischer and the court concludes he has been improperly joined to this action.  Accordingly, plaintiff's Motion to Remand [doc. 7] is DENIED.  Further, in accordance with the findings contained in this memorandum order, this court will issue a

16

report and recommendation recommending that the claims against Greg Fischer be dismissed from this action.

Additionally, the court finds that, as a matter of law, plaintiff has not stated claims on which she may prevail in her proposed amended complaint.  Thus, the court finds that plaintiff's Motion to Amend Complaint is futile.  For this reason plaintiff's Motion to Amend Complaint [doc. 27] is DENIED.

Thus done and signed in Lake Charles, Louisiana this 29th day of December, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE