


**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **SHARLYN BERTRAND** | : | **DOCKET NO. 09-0076** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **GREG FISCHER, TARGET CORP. AND ACE AMERICAN INS. CO.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are two motions: "Defendants' Motion for Partial Summary Judgment Dismissing Spoliation Claims" (R. #108) wherein Target Corp. of Minnesota and Ace American Insurance Company (collectively referred to as "Target") move to dismiss the spoliation claims of plaintiff, and "Defendants' Motion for Partial Summary Judgment Dismissing Plaintiff's Merchant Liability Claims in Accordance with LA. R.S. 9:2800.6" (R. #110) wherein Target moves to dismiss the merchant liability claims of plaintiff.

## FACTUAL STATEMENT

On or about April 20, 2008, plaintiff and her daughter were shopping in Target in Lake Charles, Louisiana when plaintiff slipped on a clear liquid substance causing her to fall. According to her complaint, Ms. Bertrand allegedly suffered injuries to her neck and knees, including an extensive tear in the right lateral meniscus, dislocated patella, bone bruising and effusion, together with the usual bumps and bruises. Ms. Bertrand asserts that Target was negligent in allowing the substance to stay on the floor, in failing to notice it and clean it up in a timely fashion, in failing to implement and/or to follow proper guidelines for the inspection and cleaning of the store floor, and

other acts of negligence.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Plaintiff alleges that Target was negligent in creating the spill which caused Ms. Bertrand's fall, as well as failing to have an adequate floor inspection policy, or more specifically, Target failed to designate an employee to constantly monitor Target's floors for hazards. Plaintiff further alleges a claim for spoliation for failure to preserve video surveillance and failing to photograph the incident. Plaintiff insinuates that Target either negligently or intentionally destroyed the video recording which constitutes spoliation of evidence.

*Spoliation of evidence*

In its motion, Target seeks to dismiss plaintiff's spoliation claims for allegedly failing to preserve video surveillance evidence and failing to take photographs of the accident scene as required by Target's Guest Investigation Kit. Plaintiff alleges that Target's failure to preserve this evidence was done knowingly and with knowledge that the evidence would be important to plaintiff in proving her claims. Thus, Target should be liable to plaintiff for her damages.

"Spoliation is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"[9] Spoliation of evidence appears in our jurisprudence along with the evidentiary theory of adverse presumption.[10]

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

[9] In re WRT Energy Sec. Litig., 246 F.R.D. 185, 194 (S.D.N.Y. 2007).

[10] Guillory v. Dillard's Dept. Store, Inc., 777 So.2d 1 (La.App. 3 Cir. 2001).

When proven that a party had destroyed, altered, concealed, or failed to produce evidence relevant to the pending civil claim, and they could not reasonably explain their actions, Louisiana courts have sanctioned the party by instructing the jury of the adverse presumption that had the evidence in question been presented, it would be unfavorable to the party spoliator.[11] Determination of the appropriate sanction, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis.[12]

There is some jurisprudence which has held that impairment of a civil claim and spoliation of evidence based on negligence or a general duty is a viable cause of action.[13] One court has specifically declined to recognize a cause of action for impairment of a civil claim or spoliation of the evidence arising from a general duty and breach of that duty.[14] The Louisiana Circuit courts are split as to whether or not the act of spoliation must be intentional. The Louisiana 1st and 5th Circuit courts have held that allegations of negligent conduct are insufficient, [15] whereas other Circuit courts have held that negligent conduct may be sufficient.[16] The Louisiana Supreme Court has not ruled on this issue, therefore federal courts must make an *Erie* guess to determine as best as it can what

---

[11] See Rodriquez v. Northwestern National Ins. Co., 358 So.2d 1237 (La.1978).

[12] See Fjuitsu Ltd. v. Fed. Exp. Corp. 247 F.3d 423, 436 (2d Cir. 2001).

[13] Bethea v. Modern Viomedical Servs. Inc., 704 So.2d 1227 (La.App. 3 Cir. 1997).

[14] Carter v. Exide Corp., 661 So.2d 698 (La.App. 2 Cir. 1995).

[15] Jackson v. Home Depot, Inc. 906 So.2d 721 (La.App. 1 Cir. 2005); Zurich American Ins. Co. v. Queen's Machinery Co., Ltd., 8 So.3d 91 (La.App. 5 Cir. 2009); Longwell v. Jefferson Parish Hosp. Service Dist. No.1, 970 So.2d 1100, 1104 (La.App. 5 Cir. 2007); Pham v. Continco International, Inc., 759 So.2d 880 (La.App. 5th Cir. 2000); Randolph v. General Motors Corp., 646 So.2d 1019 (La.App. 1st Cir. 1994).

[16] Carter, 661 So.2d 698; Guillory, 777 So.2d 1.

that court would decide.[17]

In Union Pump Co. v. Centrifugal Technology, Inc.,[18] the Honorable Judge Donald E. Walter addressed the inconsistency in the state circuit courts as follows:

> The tort of spoliation of the evidence is derived from the evidentiary theory of adverse presumption. In the evidentiary context, the concept of spoliation of the evidence is defined as an intentional destruction of the evidence for the purpose of depriving an opposing party of its use. . . .Because the tort of spoliation is founded on principles requiring the intentional destruction of evidence to create an adverse evidentiary inference, it would be inconsistent to require intentional conduct for one, but not the other. It is this Court's *Erie* guess that the Louisiana Supreme Court would only recognize the tort of spoliation based on the intentional destruction of the evidence.[19]

The undersigned agrees with Judge Walter's analysis regarding the impairment of a civil claim or spoliation based on negligence and concludes that it is also our best *Erie* guess that the Louisiana Supreme Court would only recognize spoliation based on intentional conduct.

*Video surveillance tapes*

Target submits summary judgment evidence that there was no video coverage for the site of Bertrand's fall or that specific area.[20] Plaintiff, on the other hand, claims that Solomon told her he was going to review the videotape to see what happened.[21] Solomon testified in his deposition that he did not speak to plaintiff about reviewing a surveillance tape, and that he would not have known

---

[17] Hodges v. Mosaic Fertilizers, LLC, 289 Fed. Appx. 4, 7 (5th Cir. 2008).

[18] 2009 WL 3015076 (W.D.La.2009) (not reported).

[19] Id. at *5.

[20] Target's exhibit B, Kris Ackoury depo. pp. 4-6; Exhibit C, Solomon Jordan, p. 8, lines 5-18, p. 29, lines 18-25, p. 30, lines 1-5, 23-25.

[21] R. #28-5, p. Bertrand depo. p. 53.

at that time if one existed.[22] Kris Ackoury, Target's Lake Charles Assets Protection Specialist, also testified that there was no video coverage for the site of plaintiff's fall.[23]

Plaintiff relies on the Investigation Kit wherein Solomon checked off the box which indicated that a surveillance video was inclosed with other information and/or documents regarding the incident. Plaintiff also relies on the Investigation Kit which allegedly calls for photographs to be taken of any spill and that a ruler be used to show the size of the spill. Plaintiff asserts that this box was not checked off and that no photographs were taken. Plaintiff complains that Target has given no explanation as to why its procedures were not followed – no photographs were taken, the box indicating that a surveillance video was being included in the package, yet none was actually included. Plaintiff further relies on an Electronic Incident Report that also indicated that there was surveillance video. The court notes that the instructions for "Completing the Electronic Incident Report" require that the employee "use the details from the Guest Investigation Kit to report the incident."[24]

Plaintiff submits that all video recordings at the Target store are saved for 30-40 days before they are recorded over.[25] In her brief, Plaintiff accuses Target of intentionally destroying the surveillance video after her attorney sent Target a letter requesting that the video be preserved.[26]

---

[22] Defendants' exhibit C, p. 42, lines 6-25, p. 43, lines 104.

[23] Defendants' exhibit B, Ackoury depo., pp 4-6.

[24] Plaintiff's exhibit 6, p. 5.

[25] Plaintiff exhibit P-3, 30(b)(6) depo. of Greg Fischer and Michael Condon, pp. 125, 126, 128.

[26] The accident occurred on April 20, 2008 and Target received the letter requesting the video on May 14, 2008.

Plaintiff also alleges spoliation because Target failed to preserve video surveillance evidence of plaintiff entering and exiting the store. Plaintiff asserts that she requested this video evidence but Target failed to produce it. Plaintiff argues that the jury should be able to consider Target's explanation for failure to produce this evidence as a measure of Target's credibility. Target asserts that any surveillance of plaintiff's entrance and/or exiting of the store is irrelevant.

Target maintains that it did not fail to preserve the video surveillance because there was nothing to preserve and that it could not destroy that which did not exist. Target relies on Gutierrez-Bonilla v. Target Corp.,[27] wherein the court denied sanctions against defendants with respect to alleged spoliation of video surveillance. In Gutierrez-Bonilla, the plaintiff argued that she was entitled to an adverse inference instruction because defendant either deliberately or negligently destroyed video surveillance tapes.[28] As in this case, defendant asserted that there was no recorded footage in the area where the incident took place on that particular date.[29]

Plaintiff argues that because Target's employees failed to follow its own written procedures with respect to the customer incident, the court must infer that Target destroyed the video surveillance evidence. This is a leap that this court is unwilling to make. Plaintiff has failed to submit evidence to demonstrate any bad faith, bad conduct or a culpable state of mind regarding Target not having video surveillance of the area where plaintiff fell. Target submitted evidence that no camera was available on Aisle C to record the site where plaintiff fell.[30] Target has further

---

[27] 2009 WL 5062116 (E.D.N.Y. 2009)

[28] Id.

[29] Id.

[30] Defendant exhibit h, ¶ 1.

submitted evidence that Solomon would not have known at the time he completed the Investigation Kit whether or not there was actual video footage of the area in question because the incident happened on a Sunday when the Asset Protection employee was not at work. Target has submitted evidence that in fact, there was no camera to record the site where plaintiff fell. There is no evidence submitted to controvert this. Accordingly, there can be no destruction of or duty to preserve evidence that never existed. As such, the court finds that defendant's motion to dismiss plaintiff's claims of civil impairment and/or spoliation with respect to the video surveillance tape will be granted dismissing this claim.

*Photographs*

Plaintiff complains that no photographs of the spill were taken even though the Investigation Kit requires the site to be photographed with a ruler to show the size of the spill. Plaintiff maintains that the photographs would have provided much evidence relative to the temporal element of her claim.

Target relies on Jackson v. Home Depot, Inc.,[31] to support its position that if evidence never existed, it could not be intentionally destroyed, and thus could not serve as the basis for a valid spoliation of evidence claim. The Jackson court held that "if an accident report never existed, it could not be intentionally destroyed . . . and therefore could not serve as the basis of a valid spoliation claim.[32] Target further relies on Kemp v. CTL Distribution, Inc.,[33] which explicitly

---

[31] 906 So.2d 721, 728 (La.App. 1 Cir. 2005).

[32] Id. 906 So.2d 727-28.

[33] 2011 WL 3425592 (C.A. 5th Cir. 2011).

rejected the argument that spoliation of evidence may be based on negligence.[34] Target argues that the tort of spoliation does not encompass a defendant's failure to photograph an accident site and under the facts in this case, "failure to photograph" is not a tort in and of itself, for which Bertrand can be awarded damages. Thus, the absence of after-the-fact photographs does not create liability and cannot support plaintiff's spoliation claim. We agree. The court finds that plaintiff's evidence for claims of civil impairment and/or spoliation for failing to take photographs is insufficient. However, at the trial of this matter, we are inclined to allow plaintiff to question witnesses in detail as to the absence of the video and the photographs. Plaintiff will be permitted to argue whatever inference should be drawn due to the absence of those items of potential evidence, Target's internal policies regarding customer incidents, and the failure of Target's employees to follow said policies. Accordingly, the motion to dismiss plaintiff's claims of spoliation and/or claims of civil impairment will be granted dismissing these claims with prejudice.

*Defendants' Motion for Partial Summary Judgment Dismissing Plaintiff's Merchant Liability Claims in Accordance with LA. R.S. 9:2800.6*

Target seeks to dismiss plaintiff's claims of merchant liability based on its assertion that no one, including plaintiff and her daughter saw the spill on the floor or knew how long it had existed before the incident. Louisiana Revised Statute 9:2800.6 provides as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his isles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

As to the burden of proof, 9:2800.6 provides:

---

[34] Id. at *7, citing Burge v. St. Tammany Parish, 336 F.3d 363, 374 (5th Cir. 2003).

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"Constructive notice" is defined as follows:

> The claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[35]

The case of White v. Wal-Mart Stores, Inc.,[36] gives us instruction as to "actual or constructive notice" as follows:

> There is a temporal element included: "such a period of time . . . ." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
>
> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though

---

[35] Id. at C(1).

[36] 699 So.2d 1081(La. 9/9/97).

> the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.[37]

Target points out that plaintiff must prove that Target either created the spill or had actual or constructive notice before the incident. Target notes that based on their deposition testimony, neither plaintiff, nor her daughter heard any Target employee say that they saw or knew about the spill on the floor before the incident. Target then asserts that plaintiff did not allege that Target created the spill or that Target had actual notice before the accident, nor is there proof of such. Target argues that it is unknown as to the source of the liquid, how the liquid fell to the floor, and when Target last inspected the site of plaintiff's fall. Target asserts that there were no multiple track marks, footprints, splatter marks, empty bottles, or other signs of liquid entering or exiting the site of the spill. Thus, Target maintains that it cannot be liable under Louisiana's Merchant Liability Statute because there is no genuine issue of material fact that Target neither created the spill nor had actual or constructive knowledge of the liquid on the floor before the incident.

To create a genuine issue of material fact for trial as to whether Target had constructive notice of the spill, plaintiff submits summary judgment evidence of witnesses as to the size of the spill. Plaintiff testified that the size of the spill was 12 to 15 inches, whereas at page 4 of the Guest Incident Investigation Kit, Target employee Solomon Jordan described the spill as "three inches of soap."[38] In his deposition testimony, Solomon testified that he did not know if the substance was soap and he did not measure the spill.[39] Another Target employee, Clayton Sonnier, testified that

---

[37] 699 So.2d 1081, 1084 (La. 9/9/97)(citations omitted).

[38] R. #28-9.

[39] R. #28-7, pp. 34-35.

the floor tiles were 12 by 12 inches and the spill was less than a quarter of the tile, and that there was a small mark in the spill as if a cart wheel or something went through it.[40] Caleb Hebert, a Target employee, testified that the size of the spill was about the size of a tile or one square foot.[41] Jessica Perkins, a Target employee, testified that the size of the spill was less than the size of a tile.[42] Sarah Bertrand, Mrs. Bertrand's daughter, testified the spill went from one side of the aisle to the other.[43] Tyson Sibley, a Target employee, testified that the area of plaintiff's fall was one of the least traveled aisles in the store.[44] Thus, plaintiff argues that this is additional support for finding constructive notice because the spill was likely to have been there longer given this aisle was not highly traveled.

Plaintiff also remarks that Target had no policy for regular inspections or clean-up. Plaintiff argues that because Target is a large retailer who sells numerous goods that can result in slip and falls, coupled with the fact that slip and falls constitute the number one cause of accidents in Target stores,[45] Target should have a high priority duty to inspect its floors on a regular basis. Target has produced summary judgment evidence that establishes that Target's floors are cleaned at night by a cleaning crew.[46] The incident occurred around 1:00 p.m. Therefore, it is conceivable that the last time the floors had been either inspected or cleaned was 12 hours prior to the incident. Plaintiff relies

---

[40] R. #84-6, pp. 27-28.

[41] R. #28-8, pp. 37-38.

[42] R. #84-7, pp.15-16.

[43] R. #28-6, pp. 31 and 38.

[44] Plaintiff's exhibit P-1, Sibley depo. p. 40.

[45] Plaintiff's exhibit P-2, Target's Slip, Trip, and Fall Prevention Safety Reference Guide.

[46] R. #28-4, p. 12.

on Broussard v. Wal-Mart Stores, Inc.,[47] wherein sufficient circumstantial evidence was found to support a finding of constructive notice where a spill was elongated and covered approximately 4 square feet, suggesting it had spread over a period of time. As noted by plaintiffs and held by the Louisiana Supreme Court, "the length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism (i.e. uniform, mandatory, non-discretionary, clean-up and safety procedure) in place to discover such a hazard."[48]

The court finds that plaintiff has presented sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not Target had constructive notice of the spill.

## CONCLUSION

Based on the foregoing, the motion for partial summary judgment to dismiss plaintiff's spoliation claims will be granted dismissing with prejudice plaintiff's claims of spoliation and/or civil impairment, and the motion for summary judgment to dismiss plaintiff's claims of merchant liability will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2011.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

---

47 741 So.2d 65 (La.App. 3 Cir. 1/20/99).

48 Welch v. Winn-Dixie Louisiana, Inc., 655 So.2d 309, 318 (La.5/22/95).